DE MARCO v. MASS et al.

(City Court of New York, General Term. May 1, 1900.)

JUDGMENT—MOTION TO OPEN—BANKRUPTCY—DISCHARGE.

Where defendant's attorney in bankruptcy failed to obtain an injunction restraining the prosecution of an action in a state court on a claim provable in bankruptcy proceedings, and a different attorney, acting for defendant in such action, not being aware of defendant's discharge, failed to plead the same, leave to vacate a judgment against defendant and plead such discharge after trial will be granted only on payment of costs and disbursements as taxed in the judgment roll, and $10 costs of motion.

Appeal from special term.

Action by Domenico de Marco against Henry Mass and another. Judgment for plaintiff. From an order granting defendant Mass leave to serve an amended answer, and vacating a judgment against him, on payment of $20 costs, plaintiff appeals. Modified.

Plaintiff sued defendants, Henry Mass and another, in 1896, on a contract provable in bankruptcy; and in April, 1899, defendant Mass filed a petition in bankruptcy in the United States district court, containing a list of all his creditors, including plaintiff. His attorney in that proceeding failed to inform him that it was necessary to obtain an injunction staying plaintiff's action in a state court, and his attorney in such action, who did not appear for him in the bankruptcy proceedings, not being aware of his discharge, did not apply for leave to file a supplemental answer. On the trial a verdict was rendered against both defendants, on which judgment was entered; and on January 20, 1900, defendant Mass moved for a perpetual injunction staying execution against him, and was granted leave to move within 10 days to be allowed to plead his discharge in bankruptcy and to open the judgment for that purpose, which order was subsequently granted on payment of $20 costs.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

John Palmieri, for appellant.
I. Henry Harris, for respondent.

PER CURIAM. It was proper to grant to the defendant Henry Mass leave to serve the amended answer, and to vacate the judgment against him. But because of the fact that he elected only to take advantage of the defense which he now seeks to avail himself of, after a fair and full trial and the entry of judgment thereon, such relief should only have been granted upon payment of full costs and all disbursements as taxed in the judgment roll, and $10 costs of motion.

The order appealed from must therefore be modified. Defendant must pay all such costs, disbursements, and motion costs, and as so modified said order is affirmed, without costs or disbursements to either party.